UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TADIOUS BOYD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:21-CV-00350-MLB |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S INITIAL DISCLOSURES**

Pursuant to Fed. R. Civ. P. 26(a)(1) and N.D. Ga. L.R. 26.1, Defendant United States of America ("Defendant"), by and through undersigned counsel, provides the following initial disclosures in the above-captioned action:

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

Response: Defendant is properly identified.

(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

Response: None.

1

(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

Response: Without the benefit of any necessary discovery from Plaintiff or third parties, Defendant states the factual basis for its defenses as follows:

Plaintiff's claim relates to an alleged incident that occurred on January 27, 2019 at Door 67, Delta Cargo, 1600 A M H Jackson Service Road, Atlanta, Georgia 30354 where a trailer purportedly owned by the United States Postal Service was also present. That day, Plaintiff alleges that he was instructed by his supervisor to strap down freight in the trailer and, while attempting to do so, the unidentified driver of the truck pulling the trailer departed from Door 67. When the trailer pulled out of Door 67, Plaintiff alleges he was thrown off balance and forced to grab a strap in the trailer to maintain his balance, which caused him to suffer injuries to his shoulder, hand, finger, and arm. Despite his attempt to maintain his balance in the trailer, Plaintiff further alleges he was unable to do so and was forced to jump from the back of the trailer onto the dock ramp, which caused him to suffer injuries to his ankle and lower back.

Defendant denies liability, disputes causation and the amount of damages claimed, and anticipates that additional facts in support of its

position will be developed during the course of discovery. Defendant asserts that Plaintiff, through his own lack of due care, is responsible for any injuries suffered and, at a minimum, was contributorily negligent.

(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

Response: The following statutes, codes, and regulations apply to this action: The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.*; O.C.G.A. § 51-1-1 *et seq.*; O.C.G.A. § 51-11-7; O.C.G.A. § 51-12-1 *et seq.*; O.C.G.A. § 51-12-33.

The following legal principles, standards, and customs or usages may apply to this action: negligence, doctrine of avoidable consequences, contributory negligence, proximate cause, mitigation, damages, statutory employer and/or borrowed servant doctrines.

Defendant reserves the right to identify additional statutes, codes, doctrines, and case law in future filings with the Court.

(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Responses to Initial Disclosures as Attachment A.)

Response: See Attachment A.

(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of

Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

<u>Response</u>:  No such evidence or experts have been identified yet. Defendant will provide these disclosures according to the deadlines set by the Court.

(7) Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Responses to Initial Disclosures as Attachment C.)

<u>Response</u>:  See Attachment C.

(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Responses to Initial Disclosures as Attachment D.)

<u>Response</u>:  Defendant claims no damages, only a recovery of its costs as the prevailing party after its successful defense of this action.

(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

4

<u>Response</u>:  Defendant does not so contend at this time.

(10)   Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Responses to Initial Disclosures as Attachment E.)

<u>Response</u>:  Defendant does not have an insurance agreement

applicable to the claims and circumstances alleged in Plaintiff's Complaint.

This 27th day of May, 2021.

                              KURT R. ERSKINE
                              *Acting United States Attorney*

                              /s/ Akash Desai
                              AKASH DESAI
                              *Assistant U.S. Attorney*
                              Georgia Bar No. 338124
                              600 Richard B. Russell Federal Bldg.
                              75 Ted Turner Drive, SW
                              Atlanta, Georgia 30303
                              Telephone: (404) 581-6364
                              Facsimile: (404) 581-6181

                              *Counsel for United States of America*

## ATTACHMENT A

### Defendant's List of Witnesses

- Tadious Boyd, Plaintiff – knowledge about the incident at issue.

- Victoria Godfrey, Plaintiff's supervisor – Ms. Godfrey may have knowledge about the incident at issue. Ms. Godfrey can be contacted at (404) 714-7044, Victoria.godfrey@delta.com.

- Francis Muhammad, Ms. Godfrey's supervisor – may have knowledge about the incident at issue.

- Plaintiff's health care providers: Mr. Boyd's health care providers may have knowledge or information regarding Mr. Boyd's alleged injuries.

- Plaintiff's employer(s) – information relating to any damages claim for lost wages.

- Any additional witnesses to the incident at issue.

- Witnesses identified in Plaintiff's Initial Disclosures.

- Witnesses for authentication purposes.

Defendant reserves the right to supplement as witnesses become known or are identified during discovery.

## ATTACHMENT C

## Defendant's List of Documents

- The United States Postal Service's administrative record, including Plaintiff's Standard Form 95.

- Correspondence between Plaintiff and the United States Postal Service regarding his administrative claim.

- Investigative report regarding the incident at issue in the possession, custody, or control of Plaintiff's employer at the time of the incident (DAL Global Services, LLC).

- Documents from Plaintiff's employer regarding duties of employees, training, contracts between Plaintiff's employer and Delta Air Lines, Inc.

- United States Postal Service and Delta Air Lines, Inc. contract documents for Commercial Air Transportation (CAIR) for Domestic Mail.

- Plaintiff's handwritten statement regarding the incident.

- Plaintiff's medical records.

- Any and all documents identified in Plaintiff's Initial Disclosures.

- Documents received by Plaintiff in response to discovery requests.

Defendant reserves the right to supplement as records become known or available during discovery.

## **CERTIFICATE OF SERVICE**

I certify that I electronically filed the within and foregoing document with the Clerk of Court using the CM/ECF system, which will send electronic notice of this filing to all counsel of record:

> Brent McIntosh
> Trinity Best
> W. Calvin Smith, II, P.C.
> 3560 Lenox Road NE
> Suite 3020
> Atlanta, GA 30326

This 27th day of May, 2021.

>   */s/ Akash Desai*
>   AKASH DESAI
>   *Assistant U.S. Attorney*