IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TADIOUS BOYD,          :

                       :

       Plaintiff,    :     **CIVIL ACTION FILE**

                       :     **NO.  1:21-CV-00350-MLB**

vs.                   :

                       :

UNITED STATES OF AMERICA  :

                       :

       Defendant.   :

## PLAINTIFF'S INITIAL DISCLOSURES

**(1)**    **State precisely the classification of the cause of action being filed, a brief factual outline of the case including what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

### DISCLOSURE

This is a negligence action for personal injuries.  On or about January 27, 2019, Tadious Boyd (hereinafter referred to as "Plaintiff") was working in the trailer of a USPS owned truck (the "Truck") located at Door 67, Delta Cargo, 1600 A M H Jackson Service Road, Atlanta, Georgia, 30354. Upon information and belief, the Truck  was owned, operated, and managed by the United States Postal Service. Between 6 a.m. and 7 p.m., Plaintiff was instructed by his supervisor to strap down freight in the trailer of the Truck.  While attempting to strap down the freight, the

driver of the Truck accelerated to pull out of Door 67 when it was not safe to do so and without properly checking that Plaintiff was at a safe distance or otherwise secure in the back of the Truck.

When the Truck negligently accelerated, Plaintiff was thrown off balance and was forced to grab a strap in the trailer of the Truck to maintain his balance. Due to Plaintiff being forced to grab the strap in the trailer of the Truck, Plaintiff suffered injuries to his shoulder, hand, finger, and arm.

Despite Plaintiff's attempt to maintain his balance in the trailer of the Truck, Plaintiff was unable to maintain his balance and was forced to jump from the back of the trailer onto the dock ramp. Because Plaintiff was forced to jump out of the trailer of the Truck, Plaintiff suffered injuries to his ankle and lower back.

Defendant and the USPS' acts stated herein, through the negligence of their employee, resulted in serious injury to Plaintiff. Any negligence of any of the agents, agencies, facilities and/or employees of the United States of America and/or the USPS is, as a matter of law, imputed to the United States of America.

This unknown Truck driver was an actual, apparent, and/or ostensible agent and/or Federal employee acting within the scope of employment of the United States of America and/or the United States Postal Service at the times stated herein. As such, Defendant U.S. and/or Defendant USPS is/are vicariously liable

for the negligent acts and/or omissions of their employee, by and through the laws of agency and/or pursuant to the doctrine of *respondeat superior*.

Defendant U.S. and Defendant USPS, individually, and by and through their agents, agencies, facilities, and/or employees are additionally negligent in contracting with, hiring, supervising, retaining, and/or continuing to employ and/or grant privileges to this Truck driver when either or both knew, or should have known through the exercise of reasonable care, that it was likely and foreseeable that their negligent hiring would result in the injury to a person such as Plaintiff.

It is anticipated that legal issues will center around causation and the amount of damages claimed. Additionally, Plaintiff anticipates that the parties will dispute whether Plaintiff is contributorily negligent for any injuries suffered.

**(2)  Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

### DISCLOSURE

O.C.G.A. § 51-3-1 (2010); *Robinson v. Kroger Co.*, 268 Ga. 735 (1997).

Plaintiff reserves the right to supplement all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which Plaintiff

contends are applicable to this action as information is revealed/acquired during discovery.

**(3)     Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.     (Attach witness list to Initial Disclosures as Attachment A.)**

**DISCLOSURE**

See Attachment A. Plaintiff reserves the right to supplement this response with additional individuals.

**(4)     Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)**

**DISCLOSURE**

Plaintiff has not yet identified other expert witnesses expected to present evidence at trial under Rules 702, 703, or 705.   Plaintiff will supplement this response if any are identified.

(5)     **Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.   (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

### DISCLOSURE

Plaintiff's medical records; Plaintiff's medical bills; photographs; and any and all incident reports written as a result of the incident (will supplement).

See Attachment C.

(6)     **In the space provided below, provide a computation of any category of damages claimed by you.   In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based,**

**including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34.  (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

### DISCLOSURE

Past medical treatment expenses including the following:

| | | |
|---|---|---|
| 1. | Dr. George Perez Delgado, M.D. | $4,754.99 |
| 2. | American Health Imaging | $4,450.00 |
| 3. | Peachtree Orthopedic Clinic | $4,218.00 |
| 4. | BenchMark Rehab Partners | $2,117.50 |
| 5. | Barbour Orthopaedics | $1,255.50 |
| 6. | Concentra Physical Therapy | $TBD (Will Supplement) |
| 7. | Concentra Medical Centers | $TBD (Will Supplement) |

**Total Medical Expenses to Date:**                              **$16,795.99+**

Copies of the billing statements showing the above amounts will be available for inspection and copying.

Plaintiff reserves the right to supplement this response with any additional medical treatment expenses or any other documentation showing the computation of any category of damages.

**(7)    Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business**

may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach a copy of insurance agreement to Initial Disclosures as Attachment E.)

### DISCLOSURE

Plaintiff does not have any insurance agreements in his possession.

(8)    Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.

### DISCLOSURE

Plaintiff is unaware of any person or legal entity that has a subrogation interest in this cause of action.

This 1st day of June, 2021.

W. CALVIN SMITH, II, P.C.

/s/ Brent McIntosh
Brent McIntosh
Georgia Bar No. 546077
Attorneys for Plaintiff

W. CALVIN SMITH, II, P.C.
3560 Lenox Road NE, Suite 3020
Atlanta, Georgia 30326
Office: (404) 842-0999

Fax: (404) 842-1498
Email: bmcintosh@calvinsmithlaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **TADIOUS BOYD,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION FILE** |
| | : | **NO.  1:21-CV-00350-MLB** |
| **vs.** | : | |
| | : | |
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **Defendant.** | : | |

## CERTIFICATE OF COMPLIANCE WITH L.R. 5.1

This is to certify that the foregoing complies with the font and point selections approved by the Court in Local Rule 5.1.  It is prepared in Times New Roman 14 point font.

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of **PLAINTIFF'S INITIAL DISCLOSURES** with the Clerk of Court using the CM/ECF system which automatically emails notification of such filing to the following attorneys of record, or via the United States Postal Service with adequate postage affixed thereto to the following:

Akash Desai, Esq.
Assistant U.S. Attorney
600 Richard B. Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303

This 1st day of June, 2021.

W. CALVIN SMITH, II, P.C.

/s/ Brent McIntosh
Brent McIntosh
Georgia Bar No. 546077
Attorney for Plaintiff

W. CALVIN SMITH, II, P.C.
3560 Lenox Road NE, Suite 3020
Atlanta, Georgia 30326
Office: (404) 842-0999
Fax: (404) 842-1498
Email: bmcintosh@calvinsmithlaw.com

## ATTACHMENT A

### Plaintiff's Individuals with Knowledge

1. Tadious Boyd, 2135 Godby Road, Building 40, Apt. 535, College Park, GA 30349; Plaintiff will testify as to how his injuries occurred and the nature and extent of his injuries.

2. Medical treatment providers identified in Attachment C.

## ATTACHMENT C

### Documents Supporting Claims

1. Medical records evidencing treatment Plaintiff received for injuries he suffered in this fall from the following providers:

   i.   Dr. George Perez Delgado, M.D., 3 Corporate Blvd. NE, #180, Atlanta, GA 30329

   ii.  American Health Imaging, 1275 Highway 54 West, Suite 100, Fayetteville, GA 30214

   iii. Peachtree Orthopedic Clinic, 1901 Phoenix Blvd, Ste. 200, Atlanta, GA 30349-5062

   iv.  BenchMark Rehab Partners, 6395 Old National Hwy, Suite 300A, Atlanta, GA 30349

   v.   Concentra Physical Therapy, 3580 Atlanta Avenue, Hapeville, GA 30354

   vi.  Concentra Medical Centers, 1121 Airport North Hapeville, Hapeville, GA 30354

   vii. Barbour Orthopaedics, 3240 Northeast Expressway, Ste. 100, Atlanta, GA 30341